# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>INFORMATION ASSOCIATED WITH<br>"UGUGUA.CHIOKELAW1@GMAIL.COM" AT<br>PREMISES CONTROLLED BY GOOGLE INC | )<br>)<br>)  Case No.  17-sw-212-gpg<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment (A)

located in the _____ District of ____Colorado____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment (B)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 Section 1349 | Attempt/Conspiracy |
| 18 Section 1956(h) | Money Laundering |
| 18 Section 1028A | Aggravated Identity Theft |

The application is based on these facts:

See attached affidavit of FBI SA Matthew Collar

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

s/ Matthew Collar
*Applicant's signature*

SA Matthew Collar, FBI
*Printed name and title*

Submitted, attested to and acknowledged by reliable electronic means.
Sworn ~~to before me and signed in my presence.~~

Date: 01/23/2017

*Judge's signature*

City and state: Grand Junction, CO          Honorable Gordon P. Gallagher, U.S. Magistrate Judge
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH "OGUGUA.CHIOKELAW1@GMAIL.COM" THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE, INC. | Case No. ___17-sw-212-gpg___  <br><br>**Filed Under Restriction** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, MATTHEW COLLAR, Special Agent (SA) for the Federal Bureau of Investigation (FBI), being duly sworn, do declare and state:

**I.   INTRODUCTION**

1. This affidavit is made in support of an application for a search warrant for information associated with a certain account that is stored at premises owned, maintained, controlled, or operated by Google, Inc. (hereinafter referred to as "Google"), an e-mail service provider headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require to require Google to disclose to the government copies of the information (including content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government authorized persons will review the information to locate the items described in Section II of Attachment B.

**II.   EXPERIENCE AND TRAINING OF THE AFFIANT**

2. Your affiant is a Special Agent of the Federal Bureau of Investigation (FBI) and has been employed in that capacity since January of 2008. Your affiant has approximately eighteen (18) years of Law Enforcement experience and was previously employed as a Peace Officer in the State of Montana by the Montana Highway Patrol (MHP), Bozeman Police Department (BPD), and as a Detective with the Missouri River Drug Task Force (MRDTF) operating with the Rocky Mountain High Intensity Drug Trafficking Area (HIDTA). Your affiant was

previously assigned to the FBI Albuquerque Division, Gallup Resident Agency, and the FBI San Francisco Division, Eureka Resident Agency and held the respective investigative responsibility for Federal crimes occurring within the exterior boundaries of the Navajo Indian Reservation, Navajo-Ramah Indian Reservation, and Zuni Pueblo; to include; homicide, child sexual assault, rape, bank robbery, kidnapping, and aggravated crimes of violence; and Federal crimes occurring within Humboldt and Del Norte Counties; to include, controlled substance violations and the commission of violent crimes involving the use of firearms. Your affiant is currently assigned to the FBI Denver Division, Glenwood Springs Resident Agency, with primary investigative responsibility for applicable Federal crimes occurring within the Western Slope Counties of Colorado. The information set forth in this affidavit has been derived from my own investigation, and/or communicated to me by other sworn Law Enforcement Officers.

3. The facts in this affidavit come from my personal observations, my training and experience and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Your affiant is aware through training and experience that individuals involved in criminal activity often communicate electronically utilizing both cellular technology and internet communication services, to include, but not limited to: voice calls; text messaging; e-mail correspondence; instant messaging; and web-posts utilizing an evolving source of social media websites and internet services. Additionally, the respective user accounts associated with these services are often registered to anonymous, fictitious, or temporary subscribers in an effort to disassociate true source and/or recipient identities from communications related to criminal activity.

5. Your affiant is aware through training, experience, personal knowledge, and based on information provided by other individuals who are familiar with computer technologies, e-mail, and the Internet, that Google offers a full range of computerized and electronic communications, including web-based electronic mail called "Gmail." Your affiant also is aware that Google offers those services to the general public, and that stored electronic communications, including

opened and unopened e-mail for Gmail subscribers may be located on the computers of Google. Further, your affiant is aware that computers located at Google contain information and other stored electronic communications belonging to unrelated third parties. Accordingly, this Affidavit and Application for Search Warrant seek authorization to search "ogugua.chiokelaw1@gmail.com" (hereinafter, referred to as the "CAPTIONED ACCOUNT") and to seize the records and information identified in Attachment A.

6. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 1349, 1956(h), and 1028 have been committed. Accordingly, your affiant believes there is also probable cause to search the captioned account described in Attachment A for evidence of these crimes and contraband or fruits of these crimes, as described in Attachment B.

### III. APPLICABLE LAW

7. 18 U.S.C. § 1349 states "any person who attempts of conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

8. 18 U.S.C. § 1956 states that "whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity with the intent to promote the carrying on of specific unlawful activity."

9. 18 U.S.C. § 1028A states "whoever, during and in relation to any federal violation enumerated in subsection (c) knowingly transfers, possesses, or uses without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of two years."

10. 18 U.S.C. § 2703(a) states that "[a] governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic

communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant.  A governmental entity may require the disclosure by a provider of electronic communications services of the contents of a wire or electronic communication that has been in electronic storage in an electronic communications system for more than one hundred and eighty days by the means available under subsection (b) of this section."

11.     18 U.S.C. § 2703(b)(1) states that "[a] governmental entity may require a provider of remote computing service to disclose the contents of any wire or electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection – (A) without required notice to the subscriber or customer, if the governmental entity obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant . . . ."

12.     18 U.S.C. § 2703(b)(2) states that "[p]aragraph (1) is applicable with respect to any wire or electronic communication that is held or maintained on that service – (A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such remote computing service; and (B) solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing."

13.     Under 18 U.S.C. § 2703(c)(1)(A), the government may also obtain records and other information pertaining to a subscriber to or customer of electronic communication service or remote computing service by way of a search warrant.  Under 18 U.S.C. § 2703(c)(3), no notice to the subscriber or customer is required.

14.     Under 18 U.S.C. § 2711, the terms used in Chapter 121 of Title 18, including in 18 U.S.C. §§ 2701-2711, "the terms defined in section 2510 of [Title 18] have, respectively, the definitions given such terms in that section" and "the term 'remote computing service' means the provision to the public of computer storage or processing services by means of an electronic communications system."

15.     Under 18 U.S.C. § 2510 (8), the term "'contents,' when used with respect to any wire, oral, or electronic communication, includes any information concerning the substance, purport, or meaning of that communication . . . ."

16.     18 U.S.C. § 2510 (14) defines "electronic communications system" as "any wire, radio, electromagnetic, photo-optical or photo-electronic facilities for the transmission of electronic communications, and any computer facilities or related electronic equipment for the electronic storage of such communications . . . ."

17.     18 U.S.C. § 2510 (15) defines "electronic communications service" as "any service which provides to users thereof the ability to send or receive wire or electronic communications."

18.     18 U.S.C. § 2510 (17) defines the term "electronic storage" as "(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof, and (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication."

19.     Google is a "provider of an electronic communications service" as defined within 18 U.S.C. § 2510 (15), and/or "a remote computing service" as defined in 18 U.S.C. § 2711 (2). Accordingly, a governmental entity may obtain a search warrant issued under § 2703(c)(1)(A) to require Google to disclose the items described in Part I of Attachment B.

## IV.     BACKGROUND REGARDING COMPUTERS AND THE INTERNET

20.     The term "computer" as used herein is defined in 18 U.S.C. § 1030(e)(1), and includes an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

21.     "E-mail" or electronic mail, is a popular form of transmitting messages and files in an electronic environment between computer users. When an individual computer user sends email, it is initiated at the user's computer, transmitted to the user's email server, then transmitted to its final destination. A server is a computer that is attached to a dedicated network and serves many users. An email server may allow users to post and read messages and to communicate via electronic means.

22.     An "Internet Protocol" (IP) address is a unique series of numbers that identifies a computer connected to the Internet.

23.     The internet is a worldwide network of computer systems operated by governmental entities, corporations, and universities. In order to access the internet, an individual computer user must subscribe to an access provider, which operates a host computer system with direct access to the internet. The world-wide-web ("www") is a functionality of the internet which allows users of the Internet to share information.

24.     With a computer connected to the internet, an individual computer user can make electronic contact with millions of computers around the world. This connection can be made by any number of means, including modem, local area network, wireless, and numerous other methods.

25.     Stored electronic communications, including opened and unopened email for subscribers are located on the servers of Google. Further, your affiant is aware that computers

located at Google contain information and other stored electronic communications belonging to third parties, i.e. individuals not affiliated with Google. Accordingly, this affidavit and application for a search warrant seeks authorization to search and copy information only from the Gmail account "ogugua.chiokelaw1@gmail.com" and the affiliated accounts and/or files.

26.     In these circumstances, a search warrant, rather than a subpoena, is necessary to obtain the desired evidentiary information because Google is an "electronic communications service."

## V.     BACKGROUND REGARDING GMAIL

27.     Gmail is an e-mail service which is available free of charge to internet users. Subscribers obtain an account by registering on the internet with Gmail and requiring subscribers to provide basic information, such as name, gender, zip code, alternate e-mail addresses and other personal/biographical information. However, Gmail does not verify the information provided.

28.     Google maintains electronic records pertaining to the individuals and companies for which they maintain subscriber accounts. These records include account access information, e-mail transaction information, and account application information.

29.     Subscribers to Gmail may access their accounts on servers maintained and/or owned by Google from any computer connected to the internet located anywhere in the world.

30.     Any e-mail that is sent to a Gmail subscriber is stored in the subscriber's "mail box" on Google's servers until the subscriber deletes the e-mail or the subscriber's mailbox exceeds the storage limits preset by Google. If the message is not deleted by the subscriber, the account is below the maximum limit, and the subscriber accesses the account periodically, that message can remain on Google's servers indefinitely.

31.     When the subscriber sends an e-mail, it is initiated at the user's computer, transferred via the internet to Google's servers, and then transmitted to its end destination.  Gmail users have the option of saving a copy of the e-mail sent.  Unless the sender of the e-mail specifically deletes the e-mail from the Google server, the e-mail can remain on the system indefinitely.  The sender can delete the stored e-mail message thereby eliminating it from the e-mail box maintained at Google, but that message will remain in the recipient's e-mail box unless the recipient deletes it as well or unless the recipient's account is subject to account size limitations.

32.     A Gmail subscriber can store files, including e-mails and image files, on servers maintained and/or owned by Google.

33.     A subscriber to Gmail may not store copies of e-mails and image files stored in his/her Google account on a personal computer.  The subscriber may store e-mails and/or other files on the Google server for which there is insufficient storage space on the subscriber's computer and/or which he/she does not wish to maintain on the computer in his/her residence.  A search of the files in the computer in the subscriber's residence will not necessarily uncover the files that the subscriber has stored on the Google server.

34.     Your affiant is a Federal Agent trained and experienced in identifying communications relevant to the crimes under investigation while the personnel at Google are not.  Your affiant is also aware that the manner in which the data is preserved and analyzed may be critical to the successful prosecution of any case based upon this evidence. Computer Forensic Examiners are trained to handle digital evidence while Google employees are not.  It would be inappropriate and impractical, however, for Federal Agents to search the vast computer network of Google for the relevant accounts and then to analyze the contents of those accounts on the premises of Google as the impact on Google's business would be severe.

35.     To accomplish the objective of the Search Warrant with a minimum of interference with the business activities of Google, to protect the rights of the subject of the investigation, and to effectively pursue this investigation, authority is sought to allow Google to make a digital

copy of the entire contents of the information subject to seizure specified in the captioned account. That copy will be provided to your affiant, or to any authorized Federal Agent, and the contents will be analyzed to identify records and information subject to seizure pursuant to Attachment B.

36.     Executing a warrant to search a Gmail e-mail account requires an approach similar to the standard approach for executing a warrant to search papers stored in a file cabinet. Searching the subject e-mail account in this case for evidence of the target crimes will require that agents cursorily inspect all e-mails produced by Google in order to ascertain which contain evidence of those crimes, just as it necessary for agents executing a warrant to search a filing cabinet to conduct a preliminary inspection of its entire contents in order to determine the documents which fall within the scope of the warrant. In addition, keyword searches alone are inadequate to ensure that Law Enforcement can discover all information subject to seizure pursuant to Attachment B. Keywords search text, but many common electronic mail, database and spreadsheet applications files (which files may have been attached to electronic mail) do not store data as searchable text.

## VI.     FACTS ESTABLISHING PROBABLE CAUSE

37.     On May 19, 2016, Ogugua Chioke, a self-described lawyer from Lagos, Nigeria, contacted Elizabeth Leeds "lizleeds@msn.com" account in Vail, CO from the CAPTIONED ACCOUNT offering to represent her as the legal beneficiary of a Nigerian estate currently in probate and facing forfeiture. Chioke and Leeds discussed the following matters pertaining to the estate:

    a.     Chioke advised Leeds a "$125 million dollar" estate belonging to the surname of her deceased husband and was at risk of being forfeited into Nigerian government coffers if not rightfully claimed. Chioke offered to represent Leeds as the fictitious beneficiary in exchange for half of the estate value.

    b.    Chioke provided Leeds with "Affidavit of Next of Kin" purportedly filed within the Nigerian State Probate Court which legally identified Leeds as the rightful beneficiary. Leeds was subsequently placed into contact with a co-conspirator utilizing the alias of BB&T Bank Vice President Barbara Duck via e-mail account "wealths.bbt@gmail.com" to facilitate the transfer of funds.

    c.    The fictitious VP Duck agreed to assist Leeds with the transfer of the inheritance funds which ultimately resulted in Leeds being defrauded of $930,000 dollars in required tax diversions, wire transfer fees, and costs associated with acquiring the fictitious inheritance.

38.    Your affiant is aware from reviewing correspondence provided by Leeds from her Microsoft Network e-mail account that the fictitious BB&T representative corresponded with Leeds utilizing the public domain e-mail services and account names seemingly associated with legitimate BB&T servers. However, e-mail header examination revealed the accounts originated from non-attributable, publicly available Google e-mail services, not from BB&T based upon the following observations:

    a.    E-mails were formatted to contain publicly available and copied BB&T Bank website banners, addressed, links, and legal notices. Names, titles, and address information appeared accurate; however, business phones were replaced with out of area cellular accounts and links were inactive. Identities were corroborated utilizing photo-copied passport images via Gmail. Grammar was poor, syntax was awkward and colloquial, and the content was unprofessional and consistent with a foreign effort to defraud.

39.    Your affiant is aware that account "wealths.bbt@gmail.com" was utilized by co-conspirators to draft correspondence to Leeds at "lizleeds@msn.com" to solicit the fraudulent electronic transfer of approximately $855,000 dollars in cash currency to Uju Agness Okigbo at "U-4CS Services, LLC" in Houston, Texas on the following dates:

  a.  09/15/2016 $200,000

  b.  09/13/2016 $125,000

  c.  09/12/2016 $150,000

  d.  08/29/2016 $70,000

  e.  08/03/2016 $55,000

  f.  07/19/2016 $5,000

  g.  07/18/2016 $100,000

  h.  07/05/2016 $100,000

  i.  07/01/2016 $10,000

  j.  06/22/2016 $10,000

  k.  06/15/2016 $10,000

  l.  06/09/2016 $20,000

40. Your affiant is aware that account "wealths.bbt@gmail.com" was utilized by co-conspirators to draft correspondence to Leeds at "lizleeds@msn.com" to solicit the fraudulent transfer of approximately $75,000 dollars cash currency to Tochukwu L. Nwosisi at "Indyrides, LLC" in Indianapolis, Indiana on the following dates:

  a.  08/16/2016 $20,000

  b.  08/17/2016 $25,000

  c.  09/02/2016 $30,000

## VII. E-MAIL SEARCH PROTOCOL

41. To facilitate seizure by Law Enforcement of the records and information described in <u>Attachment A</u>, this Affidavit and Application for Search Warrant seek authorization to permit employees of Google to assist in the execution of this warrant. In executing this warrant, the following procedures will be implemented:

    a.    The Search Warrant will be presented to Google personnel, who will be directed to isolate those items that are located in the captioned e-mail account;

    b.    To minimize any disruption of computer service to innocent third parties, Google employees will create an exact duplicate of the computer accounts and files described in the captioned e-mail account, including an exact duplicate of all information stored in the computer accounts and files described in the captioned e-mail account. With Google's consent, Law Enforcement personnel trained in the operation of computers may provide support for this process and/or may create the exact duplicate described above;

    c.    Google employees will provide the exact duplicate in electronic form of the accounts and files in the captioned e-mail account and all information stored in those accounts and files to the agent who serves this search warrant; and

    d.    Law Enforcement personnel will thereafter review all information and records received from Google employees to determine the information to be seized by Law Enforcement personnel pursuant to Attachment B.

## VIII. CONCLUSION

42. Based on all of the facts and circumstances described in this affidavit for search warrant, along with my training, experience, and consultations with others, there is probable cause to believe that the items described in Attachment B are currently located within the captioned e-mail account, and that those items constitute evidence, fruits, and/or instrumentalities of violations of 18 U.S.C. §§ 1349, 1956(h), and 1028.

43. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a District Court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

44.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

## IX.    REQUEST FOR SEALING

45.     Because this investigation is continuing, disclosure of the search warrant, this affidavit, the application, or any of the attachments will jeopardize the progress of the investigation and the safety of witnesses. Accordingly, your affiant requests that the Court issue an order that the search warrant, the affidavit in support of the application for the search warrant, the application for the search warrant, and all attachments be filed under restriction until further order of this Court. Your affiant also requests that notwithstanding the Court's restricting order, Law Enforcement agencies be permitted to obtain and keep copies of the restricted documents from the Clerk of the Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Approved as to form by:                          Respectfully submitted,

PETE HAUTZINGER
Assistant United States Attorney          *s/ Matthew Collar*
District of Colorado                              MATTHEW COLLAR
                                                          Special Agent
                                                          Federal Bureau of Investigation


Sworn to and subscribed before me
this __23__ day of January, 2017

_____
HONORABLE GORDON P. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

(Property to Be Searched)

1. This warrant applies to information associated with "ogugua.chiokelaw1@gmail.com" that is stored at premises owned, maintained, controlled, or operated by Google Inc., an e-mail service provider headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

## **ATTACHMENT B**

(Particular Items to be Seized)

## I.    **INFORMATION TO BE DISCLOSED BY GOOGLE (THE "PROVIDER")**

1.    To the extent that the information described in Attachment A is within the possession, custody, or control of the provider, including any e-mails, records, files, logs, or information that have been deleted but are still available to the Provider or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

    a.    The contents of all e-mails associated with the account, including stored or preserved copies of e-mails sent to and from the account, draft e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

    b.    All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

    c.    The types of service utilized;

    d.    All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

    e.    All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken

## II.     INFORMATION TO BE SEIZED BY THE GOVERNMENT

1. All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 18 U.S.C. §§ 1349, 1956(h), and 1028 involving Ugugua Chioke since April 1, 2016, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

    a. Electronic mail dating from April 1, 2016 to the present, referring in any way to communication between any and all co-conspirators, both identified and unidentified.

    b. Electronic mail identifying in any manner the user or users of the email account on or after April 1, 2016;

    c. Electronic mail dating from April 1, 2016 to the present, referring in any way to correspondence with Liz Leeds, Barbara Duck, or the fraudulent transfer or receipt of funds related to the acceptance of a Nigerian inheritance;

    d. Any contact information, including but not limited to all information contained within the address book/contacts lists, including quick names, first and last names, addresses, phone/pager/fax numbers, instant messaging information, e-mail addresses, existing, stored, or maintained for the captioned e-mail account;

    e. All logs, files or other records, which reflect the user name(s), Originating Internet Protocol (IP), address(es), date(s) and time(s) of access to the captioned e-mail account, customer service contact logs, and/or other identifying information reflecting all users who have access to, or accessed the captioned e-mail account;

   f. All records reflecting billing information, including credit card numbers and bank accounts, and/or profile information for the subscribers and all users with access to the captioned e-mail account; and

   g. All business records and subscriber information related to the captioned e-mail account, in any form, which pertain to the subscribers and accounts, including but not limited to, account applications, subscribers' full names, all screen names associated with the subscribers and accounts, all account names associated with the subscribers, methods of payment, phone numbers, addresses, and billing records.

### III. SERVICE OF SEARCH WARRANT

1. The officer executing this warrant shall affect service by any lawful method including faxing the warrant to the office of Google Inc., an e-mail service provider headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Google Inc., and my official title is _____. I am a custodian of records for Google Inc. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Google Inc., and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a. All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b. Such records were kept in the ordinary course of a regularly conducted business activity of Google Inc.; and

c. Such records were made by Google Inc. as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____
Date                              Signature